# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRITTANY VELEZ<br>4731 Edmund St.<br>Philadelphia, PA 19124 | :<br>:<br>:    CIVIL ACTION<br>: |
|        Plaintiff, | :    No. _____<br>: |
| v. | :<br>: |
| MEDICAL TRANSPORTATION<br>PROVIDERS, LLC<br>823 W. Erie Ave<br>Philadelphia, PA 19140<br>   and<br>OMAR CARRILLO<br>c/o Medical Transportation Providers<br>823 W. Erie Ave<br>Philadelphia, PA 19140 | :<br>:    **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
|        Defendants. | :<br>: |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1.      This action has been initiated by Brittany Velez (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) to redress violations by Medical Transportation Providers, LLC and Omar Carrillo (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201, *et. seq.*) and applicable state law(s).

### II. JURISDICTION AND VENUE

2.      This action is initiated pursuant to a federal law.  The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action

pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b) (1), venue is properly laid in this district because Defendants are residents of this district.

### III.  PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Medical Transportation Providers, LLC (*hereinafter* referred to as "Defendant Entity") is a business entity that provides transportation for clients to and from medical appointments.

8. Defendant, Omar Carrillo (*hereinafter* referred to as "Defendant Carrillo"), is the owner of Defendant Entity who controls and manages the terms and conditions of employment for employees (including Plaintiff), including but not limited to hiring, firing, issuing discipline, and compensation.

9. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. **FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendants on or about December 9, 2019.

12. Plaintiff was employed with Defendants as a Driver throughout her tenure until her unlawful termination on July 28, 2021.

13. Plaintiff's job duties consisted of picking up clients within the city of Philadelphia from their home, driving them to their doctor's appointment (located in Philadelphia), and then taking them back home.

14. Throughout her employment with Defendants, Plaintiff would drive Defendants' vehicles, which consisted of sedans and vans.

15. During her employment with Defendants, Plaintiff would work well over 40 hours per week on a consistent basis.

16. In the beginning of her employment, Plaintiff often times work 10-11 hour days, six (6) days a week.

17. Towards the end of her employment, Plaintiff began working five (5) days a week; however, she was still working 10-11 hour days.

18. Throughout her tenure with Defendants, Defendants committed numerous wage and hour violations under state and federal law. For example, but not intending to be an exhaustive list:

i. Plaintiff was given various and different explanations regarding her rate of pay throughout her employment with Defendants. For example, at one point, Plaintiff was told by Defendant Carrillo (and some of her paychecks reflect) that she was an hourly employee. However, when Plaintiff questioned why she was not being paid for all hours that she worked, Defendant Carrillo informed her that she was being paid a "$5.00 commission per ride." On another occasion, Plaintiff was informed that she was paid a "daily rate;"

ii. There were several occasions when Plaintiff was paid in cash (without any explanation from Defendants regarding how they calculated her wages) and her paystub for those weeks would reflect that she worked 0 hours and was paid $0.00 in certain weeks;

iii. There was also several occasions that Plaintiff would be paid for some hours in the form of a paystub (indicating that she worked approximately 20 hours) and then the remainder of her wages in cash (with again no explanation regarding how Defendants calculated her wages);

iv. Starting in or about October of 2020 through in or about July of 2021, Plaintiff was being paid through Defendant Entity's payroll system on a consistent basis; however, Defendants would categorize all of her pay as "commission" and the amounts would vary from week to week;

v. As discussed *supra*, Defendants would consistently change Plaintiff's pay rate/structure, but would never inform her when it was changing and never provided any clear explanation as to how she was being paid for her work;

      vi. Despite consistently working overtime hours, Defendants never paid Plaintiff time and one half for any hours that she worked over 40 in one week. Even when Plaintiff's paystubs did reflect that she was being paid by the hour, Plaintiff was only paid for 60 hours over the course of two-weeks, when she in fact worked well over 80 hours during such pay periods; and

      vii. In addition to not paying Plaintiff overtime compensation for hours worked over 40 hours in one week, Defendants would also consistently not pay Plaintiff for all other hours worked.

19. Towards the end of her employment with Defendants, Plaintiff made several complaints to Defendant Carrillo regarding Defendants illegal pay practices, failure to properly pay Plaintiff for all hours that she worked; and failure to pay her overtime compensation for hours that she worked beyond 40 in one week.

20. Defendant Carrillo's response to Plaintiff's complaints about Defendants' violations of state and federal wage and hour laws (including failure to pay overtime compensation) was typically, "if you don't like it here, you can leave," or "I will gladly write you a letter of recommendation if you want to leave."

21. Defendants clearly displayed animosity toward Plaintiff and her complaints of Defendants' illegal pay practices, and as a result abruptly terminated her employment on or about July 28, 2021 for completely pretextual reasons, including allegedly ignoring company rules.

22. In connection with her termination, Defendants offered Plaintiff an unsolicited Separation Agreement and General Release, which required that Plaintiff waive any and all

claims against Defendants and affirm that she "has been paid all compensation due to her because of her employment relationship with the Employer" in exchange for a small sum of money. Plaintiff rejected this proposed offer.

23. Defendants have setup and perpetrated a system whereby they have deceived Plaintiff and intentionally failed to abide by overtime laws and as a result, Plaintiff is owed unpaid wages.

24. As the aforementioned evidence clearly demonstrates that these violations were willful, Plaintiff seeks all wages she was owed going back three (3) years from the date of this complaint.

## Count I
## Violations of the Fair Labor Standards Act ("FLSA")
(Overtime and Minimum Wage Violations)
- Against Both Defendants -

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. At all times relevant herein, Defendants have and continue to be employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

27. At all times relevant herein, Defendants to this Action were responsible for paying wages to Plaintiff.

28. At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the FLSA.

29. The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

30. At all times during her employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

31. Plaintiff worked in excess of 40 hours per week nearly every week she worked for Defendants.

32. Plaintiff was not properly paid for all hours that she worked in excess of 40 hours per week.

33. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid wages, as well as penalties and interest.

34. Defendant Carrillo is personally liable because he was the owner of Defendant Entity and was responsible for the terms and conditions of employment for Plaintiff including but not limited to her compensation. Defendant Carrillo was also responsible for perpetuating company-wide unlawful payroll practices and ratifying same. Additionally, Defendant Carrillo personally and intentionally deceived Plaintiff regarding her compensation.

**Count II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Unlawful Retaliation - Wrongful Termination)**
**-Against Both Defendants-**

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Following Plaintiff's complaints of Defendants' illegal pay practices (including failure to pay overtime compensation), Defendants terminated Plaintiff's employment for completely pretextual reasons.

37. Defendant Carrillo is personally liable because he was the owner of Defendant Entity and was responsible for the terms and conditions of employment for Plaintiff including

but not limited to her compensation and termination. Additionally, Defendant Carrillo personally participated in and carried out the retaliatory actions asserted herein.

## Count III
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
**(Overtime and Minimum Wage Violations)**
**- Against Both Defendants -**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Defendants' failure to pay overtime in the aforesaid manners also constitutes a violation of the PMWA.

40. Defendant Carrillo is personally liable because he was the owner of Defendant Entity and was responsible for the terms and conditions of employment for Plaintiff including but not limited to her compensation. Defendant Carrillo was also responsible for perpetuating company-wide unlawful payroll practices and ratifying same. Additionally, Defendant Carrillo personally and intentionally deceived Plaintiff regarding her compensation.

## Count III
### Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")
**(43 P.S. 260.3(a)-(b))**
**- Against Both Defendants -**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Defendants failed to compensate Plaintiff for all wages owed and hours worked during her employment.

43. Plaintiff performed the services for Defendants as instructed by Defendants, but Defendants failed to properly compensate Plaintiff for the services rendered.

44. Defendant Carrillo is personally liable because he was the owner of Defendant Entity and was responsible for the terms and conditions of employment for Plaintiff including but not limited to her compensation. Defendant Carrillo was also responsible for perpetuating company-wide unlawful payroll practices and ratifying same. Additionally, Defendant Carrillo personally and intentionally deceived Plaintiff regarding her compensation.

45. These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting payroll violations.

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to past lost earnings and wages, back pay, front pay, salary, pay increases, and bonuses.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded punitive and/or liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.       Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.       Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: October 29, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Brittany Velez | : | CIVIL ACTION |
| v. | : | |
| Medical Transportation Providers, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 10/29/2021 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 4731 Edmund Street, Philadelphia, PA 19124

Address of Defendant: 823 W. Erie Avenue, Philadelphia, PA 19140

Place of Accident, Incident or Transaction: Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/29/2021    _____    ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** *(Place a √ in one category only)*

A.  *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
   *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 10/29/2021    _____    ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
VELEZ, BRITTANY

**DEFENDANTS**
MEDICAL TRANSPORTATION PROVIDERS, LLC, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | X 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | | | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/29/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]